[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (No. 112)
One of the elements of the tort of intentional infliction of emotional distress is the requirement that the conduct be "extreme and outrageous." Petyan v. Ellis, 200 Conn. 243, 253,510 A.2d 1337 (1986). The liability is "for conduct exceeding allbounds usually tolerated by decent society." Id. at 254 n. 5. (Emphasis in original.) "It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." RESTATEMENT (SECOND) OF TORTS § 46 cmt. h (1965). After considering the materials submitted by the parties in this action CT Page 4204 for intentional infliction of emotional distress, the court concludes that the conduct complained of may not reasonably be so regarded. The defendants' motion for summary judgment must consequently be granted.
The exceedingly full materials submitted by the parties establish that the plaintiff, Joan Perrelli, was employed by the corporate defendant, Southern New England Telephone Co. ("SNET"), from 1987 to 1997. The individual defendant, Katherine Minutillo, was also employed by SNET during this period. Minutillo was not a supervisor of Perrelli. Perrelli has filed a two-count complaint, the first count of which alleges that certain repeated comments of Minutillo to Perrelli's manager amounted to the intentional infliction of emotional distress and the second count of which apparently proceeds against SNET on a theory of respondeat superior. The alleged comments by Minutillo are described in Perrelli's deposition. These comments fall into three categories:
(1) Minutillo stated that Perrelli "couldn't do [her] job."
 (2) Minutillo stated that Perrelli was "very quiet and there must be something wrong with [her]."
(3) Minutillo stated that Perrelli was a "bitch."
Perrelli alleges that the first two comments were made "five or six times a day." The frequency of the third comment is not described.
These comments may appropriately described as rude and uncivil. They do not, however, reach the level of being extreme and outrageous. This is explained in a comment to the RESTATEMENT:
 The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. The rough edges of our society are still in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for the law to intervene in every case where some one's feelings are hurt. . . . It is only where there is a special relationship between the parties . . . that there may be recovery for insults not amounting to extreme outrage.
CT Page 4205 RESTATEMENT (SECOND) OF TORTS, supra, § 46 cmt. d. Accord, 2 FOWLER v. HARPER, FLEMING JAMES, JR. OSCAR S. GRAY, THE LAW OF TORTS § 9.2 (2d ed. 1986) ("most courts hesitate to permit liability for abusive speech alone . . . at least in the absence of a relationship in which the victim of the abuse is peculiarly vulnerable to injury"); PROSSER AND KEETON ON THE LAW OF TORTS § 12 (5th ed. 1984) ("there can be no recovery for mere profanity, obscenity or abuse, without circumstances of aggravation, or for insults, indignities or threats which are considered to amount to nothing more than mere annoyances").
The comments attributed to Minutillo may well have been upsetting to Perrelli, but that is not the test. These remarks, whatever their frequency, simply did not reach the level of being extreme and outrageous. "An employee's ongoing frustration in the work place, born of a personality conflict with a co-employee, does not give rise to an action for intentional infliction of emotional distress. Such a conflict between employees is a matter to be resolved by the mutual employer. It should not be litigated in a court of law." Kornegay v. Mundy, 379 S.E.2d 14, 16
(Ga.Ct.App. 1989).
The motion for summary judgment is granted.
Jon C. Blue
Judge of the Superior Court